UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. **3:21CR055-TMR** |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| **MYRTLE LYNN JACKSON, (1)** **JOSHUA DYLAN CHAPMAN, (2)** | |
| Defendants. | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court hereby grants the Motion of the United States for entry of a Protective Order, governing the manner in which defendants **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** and their respective counsel may handle certain materials – namely(1) financial institution records which reflect personal account numbers; (2) witness statements; (3) personal credit histories which reflect victim social security numbers and dates of birth; (4) State of Ohio Search Warrant Supporting Affidavit(s); and (5) Grand Jury Subpoenas and records received which reflect victim personal account numbers, social security numbers and dates of birth (collectively, "the Materials")[1] – as follows:

1. Both respective defense counsel, **MYRTLE LYNN JACKSON** and **JOSHUA DYLANCHAPMAN** will not disclose any information contained in the Materials directly or

---

[1] When producing these Materials, the United States will clearly mark the specific items which will be subject to the Protective Order.

indirectly to any third person, except: attorneys, investigators and consultants who are assisting in **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN's** defense; United States citizens who the defense interviews as potential witnesses; and potential expert witnesses ("Authorized Individuals"). Upon disclosing said information contained in the Materials to any Authorized Individual, both respective defense counsel, **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations that are imposed upon both respective defense counsel, **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN**, by this Protective Order.

2. Both respective defense counsel shall not copy or reproduce the Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions should be treated in the same manner as the original Materials. Both respective defense counsel shall maintain a log of any and all copies or reproductions made of said Materials and to whom they were distributed.

3. Although both respective defense counsel may permit their respective clients **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** to review said Materials in a pre-trial detention facility under the defense counsel's personal observation and supervision, **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** may not remove from their respective counsel or retain the Materials, or copies or reproductions of the Materials, regardless of format, including, but not limited, personal notes reflecting content of the Materials.

4. Both respective defense counsel, **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** are only authorized to use the Materials solely for the preparation of the defense in this case and for no other purpose.

5. At the conclusion of this case, both respective defense counsel shall return all the Materials and copies or reproductions and log sheets thereof forthwith to the United States Attorney's Office.

6. Both respective defense counsel shall inform their respective clients **MYRTLE LYNN JACKSON** and **JOSHUA DYLAN CHAPMAN** of these restrictions placed on said Materials, and ensure that they do not to disclose or use any information contained in the Materials in violation of this Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

6/22/21
DATE

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT